**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Andrew Cervantes,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Heather Noble,<br><br>　　　　　Defendant. | No. CV-24-00501-TUC-RM<br><br>**ORDER** |

Plaintiff Joseph Andrew Cervantes, who is proceeding pro se, initiated this action by filing a Complaint (Doc. 1) and paying the filing fees (Doc. 2). Pending before the Court are Plaintiff's Request for Entry of Default (Doc. 6), Motion to Amend Request for Entry of Default (Doc. 7), Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 14), and Emergency Motion for Temporary Restraining Order (Doc. 21). Also pending are Defendant's Motion to Dismiss (9) and Motion to Quash Request for Default and/or Motion to Set Aside Default (Doc. 10).

**I.     Motion to Allow Electronic Filing**

Plaintiff requests permission to electronically file documents in this case. (Doc. 14.) Plaintiff avers that he can comply with all equipment and rule requirements governing electronic filing and has submitted a completed Registration Form. (Docs. 14, 14-1, 14-2.) Accordingly, the Court will grant Plaintiff's Motion to Allow Electronic Filing by a Party Without an Attorney.

. . . .

## II. Plaintiff's Complaint

The allegations in Plaintiff's Complaint appear to arise from a child support case in Pima County Superior Court in which Plaintiff was the Respondent. (Docs. 9-1, 9-2.) In 2008, the Superior Court ordered Plaintiff to make monthly child support payments. (Doc. 9-2.) In 2022, the State of Arizona filed an Arrears Calculation, finding that Plaintiff owed $112,696.86 in arrears and $73,865.77 in interest related to the child support payments. (Doc. 9-3.) Thereafter, Plaintiff entered into a stipulation in which the petitioner in that case agreed to accept $161,000 as full payment for the past due amounts, arrears, and remaining support amounts. (Doc. 9-4.) In July 2024, Plaintiff filed a "Petition to Dismiss Arrears Interest and Proposal of Payment Plan for Principal," proposing a new payment plan. (Doc. 9-5.) He also appeared to argue that the current plan violated his right to due process and other laws. (*Id.* at 4.) Plaintiff's Petition was set for a hearing in December 2024. (Doc. 9-6.) The state court proceedings appear to be ongoing.[1]

In this action, Plaintiff purports to sue "Heather Noble Through Region 9 IV-D Agency Defendant(s)" in her "official 45 C.F.R. 302.12" capacity and "capacity of Director of Region 9 IV-D agency." (Doc. 1 at 1, 3.)[2] Plaintiff's Complaint, which is difficult to follow, asserts one claim under 42 U.S.C. § 1983. (Doc. 1.) From what this Court can discern, Plaintiff's Complaint centers around Defendant's role administering the State's child support program under Title IV-D. (*Id.*) Plaintiff alleges that Defendant "bore the sole responsibility" for complying with "the IV-D plan" and "gave step by step instructions to IV personnel." (*Id.* at 3, 4.) He claims that in administering his child support case, Defendant "circumvented the Constitution"; violated Plaintiff's "right to not assemble and associate," his "right to privacy," his right to "due process," and his

---

[1] *See* https://www.cosc.pima.gov/PublicDocs/ (last visited April 3, 2025).
[2] Title IV-D of the Social Security Act provides federal funding and direction for states to establish and enforce child support obligations and requires participating states to "enact laws designed to streamline paternity and child support actions." *Blessing v. Freestone*, 520 U.S. 329, 335 (1997). By citing "45 C.F.R. 302.12," Plaintiff appears to be referencing the "separate organizational unit" states must establish "to administer the IV-D plan." *See* 45 C.F.R. 302.12(a).

- 2 -

"right to trial by jury"; and that Plaintiff was subjected to "slavery and involuntary servitude" and denied "equal protection of the laws." (*Id.* at 1.) Plaintiff also asserts that Defendant "was required by the Constitution to terminate IV-D security interest No. 000787517201 with zero dollar amount of arrears including removal from [his] credit history and refund [his] $124,000.00 in full at 6% interest." (*Id.* at 5.) He contends that the child support program resulted "in the violation and deprivation of [his] inherent and inalienable rights and immunities so secured." (*Id.*) As relief, Plaintiff seeks compensatory, punitive, and other damages of $1,000,000. (*Id.* at 6-7.)

### III. Plaintiff's Request for Entry of Default and Defendant's Motion to Quash

On November 8, 2024, Plaintiff filed a Request for Entry of Default, stating that under Federal Rule of Civil Procedure 12(a)(1), Defendant was required to file a responsive pleading or motion by November 7, 2024. (Doc. 6.) Plaintiff states this deadline was 21 days from the date of service on October 17, 2024, but Defendant failed to meet this requirement. (*Id.*) Plaintiff requests that the Clerk of the Court enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(b) for her failure to answer or otherwise defend against the Complaint. (*Id.*)[3]

On November 13, 2024, Defendant filed a Motion to Quash Request for Default and/or Motion to Set Aside Default. (Doc. 10.) Defendant argues that she was never properly served, as the Summons and Complaint were left with an Arizona Department of Economic Security ("DES") liaison who had no authority to accept service on her behalf. (*Id.* at 1.) As a result, Defendant asserts that her obligation to respond only arose when she voluntarily appeared by filing her Motion to Dismiss on November 12, 2024. (*Id.*) Therefore, Defendant maintains that she did not default and asks that the Court quash Plaintiff's request and set aside any default that might have been entered. (*Id.* at 2.)

In his Response, Plaintiff contends that he is suing Defendant in her official

---

[3] Plaintiff later filed a Motion to Amend Application for Default, in which he clarified that he intended to reference Federal Rule of Civil Procedure 55(a) instead of 55(b) (Doc. 7), and he lodged a Proposed Amended Request for Entry of Default (Doc. 8) to that effect. Defendant did not respond to Plaintiff's Motion to Amend. The Court will grant Plaintiff's Motion to Amend and direct the Clerk of Court to file his Amended Request for Entry of Default.

- 3 -

capacity, not her personal capacity. (Doc. 12 at 1.) Based on that position, Plaintiff asserts that service "through an authorized agency liaison" was legally sufficient according to the rules governing service on a governmental entity under Federal Rules of Civil Procedure 4(e) and (j). (*Id.*) Plaintiff further argues that default is supported by Defendant receiving "actual notice" of the lawsuit and his substantial compliance with the service rules. (*Id.* at 2.) Plaintiff asks that the Court deny Defendant's Motion and proceed with the default process. (*Id.*)

In her Reply, Defendant argues that Plaintiff's lawsuit is appropriately construed as a personal-capacity claim requiring personal service under Federal Rule of Civil Procedure 4(e). (Doc. 15 at 1.) Alternatively, Defendant maintains that, if Plaintiff intends to pursue an official-capacity suit, the suit would be barred by the Eleventh Amendment and could not proceed under § 1983. (*Id.* at 3-4.) Furthermore, Defendant emphasizes that Plaintiff's unclear identification of her as "Heather Noble Through Region 9 IV-D Agency" is good cause to set aside any default, as this designation is neither a person nor an agency. (*Id.* at 4.) Additionally, Defendant argues that she voluntarily appeared to defend herself by promptly filing a Motion to Dismiss, and no default should be permitted under such circumstances. (*Id.*)

Plaintiff's Complaint—which he captioned as "42 U.S.C § 1983 Complaint for Deprivation of Rights Under Color of Law"—brings a single § 1983 claim against Defendant. (Doc. 1.) "To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). However, the "Eleventh Amendment bars such suits" against a State for alleged deprivations of civil liberties "unless the State has waived its immunity." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Furthermore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71.

In this case, neither the Arizona Department of Economic Security, a State agency, nor Heather Noble, a State official, are "persons" under § 1983. *See id.* Thus, Plaintiff's claim would be barred if construed as an official-capacity claim. *See Dawkins v. Dept. of Econ. Sec.*, No. CV-22-00458-TUC-RM (DTF), 2023 WL 2278570, at *1 (D. Ariz. Feb. 6, 2023), *report and recommendation adopted*, No. CV-22-00458-TUC-RM (DTF), 2023 WL 2267085 (D. Ariz. Feb. 28, 2023) (noting that as an arm of the State, the Arizona Department of Economic Security is not a person under § 1983); *see also Johnson v. Maricopa Cnty. Sheriff's Dept.*, No. CV 21-00520-PHX-SRB (MTM), 2021 WL 5917330, at *2 (D. Ariz. Oct. 12, 2021), *aff'd*, No. 21-17017, 2022 WL 10384896 (9th Cir. Oct. 18, 2022) (finding "'arms of the State' such as the Arizona Department of Economic Security are not 'persons' under section 1983," and dismissing the agency as a defendant).

Although Plaintiff states that he intended to sue Defendant in her official capacity, his Complaint is more reasonably construed as suing Defendant in her personal capacity. *See Pinson v. Othon*, CV-20-00169-TUC-RM, 2020 WL 6273410, at *5 (D. Ariz. Oct. 26, 2020) ("The deciding factor for ascertaining whether a suit is an official capacity suit or an individual capacity suit is not how the suit is labeled by the plaintiff, but rather the nature of the suit.") Specifically, Plaintiff seeks to hold Defendant personally liable for conduct she undertook as an employee of the Arizona Department of Economic Security under color of state law. Therefore, the rules for service of process that apply to individuals govern, and Plaintiff's service of an unauthorized DES liaison was ineffective. *See* Fed. R. Civ. P. 4(e). Accordingly, Plaintiff's Request for Entry of Default will be quashed, and Defendant's Motion to Quash will be granted.

IV. **Defendant's Motion to Dismiss**

Defendant moves to dismiss this case on the grounds that it is barred by the *Rooker-Feldman* doctrine or, alternatively, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 9.) Defendant argues that *Rooker-Feldman* bars Plaintiff's claim because Plaintiff has already requested a modification of his child

1 support obligation and forgiveness of accrued interest in state court, and that request remains pending. (*Id.* at 3-4.) Furthermore, Defendant contends that the harm Plaintiff complains about results from obligations imposed by a state court—obligations that a ruling from this Court would necessarily undermine. (*Id.*) Defendant argues that even if Plaintiff's allegations are accepted as true, dismissal under Rule 12(b)(6) is still warranted because the allegations are incoherent and fail to present a cognizable legal theory. (*Id.* at 4-5.)

In response, Plaintiff argues that *Rooker-Feldman* does not bar his claims because it "does not bar a man oppressed by IV-D contractor of an alone, detached, and disconnected organizational unit operating in the state from within the executive branch performing the administrative duties of the IV-D agency in return for payment therefrom." (Doc. 19 at 7.) He insists that this case does not implicate "domestic relations issues," and he makes other, largely incoherent and irrelevant arguments. (*Id.* at 5.)

In reply, Defendant argues that Plaintiff's Response provides no substantive legal basis to counter the Motion to Dismiss. (Doc. 20 at 2.) Defendant asserts that this dispute is domestic in nature and that the *Rooker-Feldman* doctrine applies because the harm cited by Plaintiff—the child support obligation—arises from a state court order. (*Id.* at 1.)

### A.     Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  While a complaint need not include "detailed factual allegations," it must contain more than labels, conclusions, "and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In evaluating a Rule 12(b)(6) motion to dismiss, the court must take as true all well-pleaded factual allegations of the complaint and construe them in the light most favorable to the nonmovant. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  However, the court need not accept as true legal conclusions that are couched as factual allegations. *Iqbal*, 556 U.S. at 678.

If the Court "considers evidence outside the pleadings" when ruling on a Rule 12(b)(6) motion to dismiss, the Court "must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment[.]" *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  The Court "may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

**B.     Discussion**

As stated above, "[t]o state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe*, 789 F.3d at 1035–36 (quoting *West*, 487 U.S. at 48.)  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Here, Plaintiff's Complaint does not meet the pleading standards of Federal Rule of Civil Procedure 8.  Furthermore, Plaintiff's Complaint fails to establish a clear link

between Defendant's conduct, which allegedly involved providing "step by step instructions to IV-D personnel," and any violation of Plaintiff's federal rights. (Doc. 1 at 4.) The other allegations in the Complaint are entirely conclusory. As a result, Plaintiff has failed to state a plausible claim for relief under § 1983. Because the Complaint fails to state a claim upon which relief can be granted, the Court will grant Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).[4]

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for failure to state a claim, with leave to amend. The Court will deny Defendant's request to dismiss the Complaint without leave to amend. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (in the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). If Plaintiff files an amended complaint, he must cure the deficiencies addressed above.

## V.     Plaintiff's Motion for Temporary Restraining Order

Plaintiff moves under Federal Rule of Civil Procedure 65(b) for an immediate temporary restraining order halting all enforcement actions by Defendant Noble. (Doc. 21.) Because the Court is dismissing Plaintiff's Complaint with leave to amend and there are therefore no claims currently pending in this action, the Court will deny as moot Plaintiff's Motion for Temporary Restraining Order. *See Mester v. Martel*, No. 2:17-cv1712 KJM AC P, 2018 WL 1567833, at *4 (E.D. Cal. Mar. 30, 2018) ("Because the complaint is being dismissed with leave to amend, there are currently no claims pending and the motion for preliminary injunction will therefore be denied as moot.").

. . . .

---

[4] The Court notes that to the extent Plaintiff seeks review over final state court judgments regarding his child support payments, his claims are likely barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.") However, because the incoherent nature of Plaintiff's Complaint makes it difficult to determine whether the *Rooker-Feldman* doctrine is applicable, the Court declines to dismiss Plaintiff's Complaint on this basis.

**IT IS ORDERED:**

1. Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 14) is **granted** in this case only.  Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the attached form to register as a user with the Clerk's Office within **five (5) days** of the date of this Order, register as a subscriber to PACER ("Public Access to Electronic Records") within **five (5) days** of the date of this Order and comply with the privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.  Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

2. Plaintiff's Motion to Amend Request for Entry of Default (Doc. 7) is **granted**.  The Clerk of Court is directed to file Plaintiff's Amended Application for Entry of Default (lodged at Doc. 8).

3. Defendant's Motion to Quash (Doc. 10) is **granted**.  Plaintiff's Requests for Entry of Default (Doc. 6; Amended Request lodged at Doc. 8) are **quashed**.

4. Defendant's Motion to Dismiss (Doc. 9) is **granted**.  Plaintiff's Complaint (Doc. 1) is **dismissed for failure to state a claim**.  Within **thirty (30) days** of the date this Order is filed, Plaintiff may file an amended complaint that cures the deficiencies addressed above.  If Plaintiff fails to file an amended complaint within thirty days, the Clerk of Court is directed to enter a judgment of dismissal without prejudice and without further notice to Plaintiff.

. . . .

. . . .

5. Plaintiff's Motion for Temporary Restraining Order (Doc. 21) is **denied without prejudice as moot**.

Dated this 10th day of April, 2025.

_____
Honorable Rosemary Márquez
United States District Judge