**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Joseph Andrew Cervantes,

          Plaintiff,

v.

Heather Noble,

          Defendant.

No. CV-24-00501-TUC-RM

**ORDER**

Plaintiff Joseph Andrew Cervantes, who is proceeding pro se, initiated this action by filing a Complaint (Doc. 1) and paying the filing fees (Doc. 2). Pending before the Court are Plaintiff's Motion for Reconsideration (Doc. 32) and Defendant Heather Noble's Motion to Dismiss First Amended Complaint (Doc. 29). Plaintiff was informed of his rights and obligations to respond to the Motion to Dismiss (Doc. 30), and he opposes the Motion (Doc. 33).

**I.**    **Plaintiff's Motion for Reconsideration**

On April 11, 2025, the Court issued an Order (Doc. 22) denying Plaintiff's Request for Entry of Default (Doc. 6) and granting Defendant's Motion to Quash Request for Default (Doc. 10) and Motion to Dismiss (Doc. 9). Plaintiff then filed an "Emergency Motion for Enforcement of Summons and Entry of Default Judgment and Relief," again requesting entry of default. (Doc. 24.) The Court construed that Motion as a request for reconsideration of its April 11 Order and denied the request. (Doc. 31.) Plaintiff then filed the pending Motion for Reconsideration, in which he again asks the Court to enter

1    default.  (Doc. 32.)

2          As the Court has previously explained, Plaintiff's ineffective service precluded

3    entry of default.  (*See* Doc. 22 at 3-5; Doc. 31.)  Plaintiff's Motion for Reconsideration

4    offers no new facts or legal authority, nor does he show any manifest error in the Court's

5    prior rulings, as required by Local Rule of Civil Procedure 7.2(g)(1).  Furthermore,

6    "Plaintiff cannot file successive motions for reconsideration and raise the same

7    arguments or those that could have been raised previously."  *Faison v. Branstad*, No. 22-

8    CV-1063-MMA (MSB), 2022 WL 13801071, at *1 (S.D. Cal. Oct. 20, 2022); *see also*

9    *Benson v. St. Joseph Regl. Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) ("The federal

10   rules do not provide for a motion requesting a reconsideration of a denial of a

11   reconsideration," because this could allow a dissatisfied litigant to "continually seek

12   reconsideration and prevent finality to the judgment.")  Accordingly, the Motion for

13   Reconsideration will be denied.  No further motions or arguments regarding default will

14   be considered.

## II.     First Amended Complaint

16         Plaintiff's claims relate to an ongoing child support case in Pima County Superior

17   Court, in which he is the Respondent and has been ordered to pay child support.

18   (Docs. 9-1, 9-2.)  In 2022, an arrears calculation was filed in Superior Court, indicating

19   that he owed $112,696.86 in unpaid support and $73,865.77 in interest.  (Doc. 9-3.)  In

20   July 2024, Plaintiff filed a motion in Superior Court requesting a revised payment

21   schedule and asserting constitutional violations regarding the child support proceedings.

22   (Doc. 9-5.)[1]

23         In his First Amended Complaint ("FAC"), Plaintiff sues Defendant "Heather

24   Noble in her official capacity as Director of Region 9 IV-D Agency."  (Doc. 28 at 1.)[2]

[1] The last filing in the Pima County Superior Court case appears to have been made on July 14, 2025.  *See* https://www.cosc.pima.gov/PublicDocs/ (last visited July 17, 2025).

[2] Defendant has previously averred that she is the Assistant Director of the Arizona Department of Economic Security Division of Child Support Services.  (Doc. 9 at 2.) "The Division of Child Support Services is responsible for administering the child support program for the State of Arizona under Title IV-D of the Social Security Act." *See* https://des.az.gov/sites/default/files/dl/CSE-0167A.pdf?time=1752848358576

He asserts claims under 42 U.S.C. § 1983 for violations of his rights under the First, Third, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments.  (*Id.* at 5-6.) Plaintiff asserts that his unpaid child support obligations were unconstitutionally transferred to "IV-D status," resulting in enforcement actions and the imposition of an "IV-D security interest."  (*Id.* at 3-4.)  He claims the child support enforcement action was carried out "under Defendant's direct supervision and directives as Director," and that it occurred without notice and "without the required federal prerequisites or proper authority."  (*Id.* at 3.)  He asserts that the enforcement actions have caused him financial and emotional hardship.  (*Id.* at 5.)  As relief, Plaintiff requests the termination of the IV-D security interest and its removal from his credit history, a refund of child support payments "forced under duress," as well as $1,000,000 in damages, legal fees, and the production of specific documents.  (*Id.* at 8.)[3]

## III.  Defendant's Motion to Dismiss

Defendant's Motion to Dismiss seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

### A.  Legal Standard

An attack on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be "facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction."  *Id.*  "The plaintiff has the burden of establishing jurisdiction."  *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting

---

[3] In the FAC, Plaintiff requests that the Court enter default against Defendant.  (Doc. 28 at 2-3.)  As explained above, the Court has previously denied Plaintiff's requests for default and will not reconsider that denial.

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* While a complaint need not include "detailed factual allegations," it must contain more than labels, conclusions, "and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

If the Court "considers evidence outside the pleadings" when ruling on a Rule 12(b)(6) motion to dismiss, the Court "must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment[.]"  *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  The Court "may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  *Id.* at 908.

**B. Discussion**

Defendant argues that the FAC should be dismissed for three reasons.  (Doc. 29.) First, Defendant asserts that the FAC must be dismissed because she is not a "person" subject to suit under § 1983, as Plaintiff is suing her solely in her official capacity as a state official.  (*Id.* at 3.)  Second, Defendant argues that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine because they are de facto appeals of a state court's child support orders.  (*Id.* at 3-4.)  Finally, Defendant contends that the Complaint should be dismissed for failure to state a claim.  (*Id.* at 5-6.)  Specifically, she argues that the complaint is unintelligible, lacks specific allegations regarding her personal involvement, and that Plaintiff's constitutional claims are without merit.  (*Id.*)

In his Response, Plaintiff argues Defendant is properly sued in her official capacity under *Ex Parte Young* and that she "is not immune from suit when acting in her

official capacity." (Doc. 33 at 3.) He claims that the *Rooker-Feldman* doctrine is inapplicable because he is not challenging any past state court orders. (*Id.* at 2.) Finally, Plaintiff maintains that the FAC clearly states a claim for relief. (*Id.* at 4.)[4]

### 1. Defendant Noble

The FAC brings only § 1983 claims against Defendant "in her official capacity" as a "state official" of the Arizona Department of Economic Security. (Doc. 28 at 2.) However, the "Eleventh Amendment bars such suits unless the State has waived its immunity." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Thus, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. Because Plaintiff is proceeding against Defendant solely in her official capacity, he has not sued a "person" subject to suit under § 1983. *See Dawkins v. Dept. of Econ. Sec.*, No. CV-22-00458-TUC-RM (DTF), 2023 WL 2278570, at *1 (D. Ariz. Feb. 6, 2023), *report and recommendation adopted*, No. CV-22-00458-TUC-RM (DTF), 2023 WL 2267085 (D. Ariz. Feb. 28, 2023) (concluding that Plaintiff, who named the Arizona Department of Economic Security as the sole defendant, "failed to state a § 1983 claim because he has not sued a person"). Plaintiff's arguments regarding *Ex Parte Young* lack any legal support. "[T]he Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities." *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Ex Parte Young*, 209 U.S. 123, 155-56 (1908)). Here, however, Plaintiff seeks monetary relief. (Doc. 28 at 8.) Because Defendant Noble, in her official capacity, is not amenable

---

[4] Defendant did not file a reply in support of her Motion to Dismiss. After the reply deadline passed, Plaintiff filed a Notice asserting that Defendant's failure to reply violated the Court's May 27, 2025 Order, and that the Motion to Dismiss should be denied under Local Rule of Civil Procedure 7.2(i). (Doc. 34.) In response, Defendant argues that a reply was optional and that Plaintiff's requests for relief should be denied. (Doc. 35.) Plaintiff filed a Reply asserting that Defendant's reply in support of her Motion to Dismiss was mandatory. (Doc. 36.) The Court disagrees with Plaintiff's interpretation. The Local Rules of Civil Procedure specify that filing a reply is optional. *See* LRCiv 7.2(d) (specifying that a moving party may file a reply "if that party so desires"). The Order at issue established a deadline for Defendant's voluntary reply in support of her Motion to Dismiss. (Doc. 30 at 2 ("Defendant shall file any reply within fifteen (15) days from the date Plaintiff's response is filed.").)

to suit under § 1983, the FAC must be dismissed.[5]

## 2.  The *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine bars district courts from exercising subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This doctrine applies to all claims that are "inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (internal quotations omitted). "Federal courts commonly conclude they lack jurisdiction under the *Rooker-Feldman* doctrine to review orders of state courts addressing matters of family and custody law because such claims constitute a de facto appeal of the state court decision." *Maxwell v. Pacione*, No. 1:24-CV-00409-JLT-CDB, 2024 WL 3845342, at *6 (E.D. Cal. Aug. 16, 2024), *report and recommendation adopted*, No. 1:24-CV-00409-JLT-CDB, 2024 WL 4458534 (E.D. Cal. Oct. 10, 2024).

Here, Plaintiff is the respondent in an ongoing Pima County Superior Court child support proceeding and remains bound by that court's orders. The harms that Plaintiff complains of in this case—collection of past due child support and a recorded security interest—are enforcement measures that flow directly from those orders. As relief, Plaintiff asks this Court to refund all child support payments "forced under duress," terminate the lien that was recorded to secure his child support obligation, remove that lien from his credit history, and declare the enforcement process unconstitutional. Granting those requests would necessarily "undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Bianchi*, 334 F.3d at 898.

Plaintiff's attempt to evade the *Rooker-Feldman* doctrine by framing his

---

[5] The Court previously warned Plaintiff that Defendant Noble could not be sued in her official capacity as a state official under 42 U.S.C. § 1983. (*See* Doc. 22 at 4-5.)

Complaint as an independent constitutional challenge is unavailing.  The doctrine "bars any suit that seeks to disrupt or undo a prior state-court judgment."  *Id.* at 901 (internal quotations omitted).  "It is immaterial that [Plaintiff] frames his federal complaint as a constitutional challenge to the state courts' decision."  *Id.* at 901 n.4.  Because the alleged injury (collection of arrears) and the relief sought (cancellation of the lien and refunding of child support) cannot be granted without negating the state judgment, this action is a de facto appeal and barred by the *Rooker-Feldman* doctrine.  Accordingly, the Court lacks subject-matter jurisdiction, and the FAC must be dismissed on this ground as well. *See Rucker v. Cnty. of Santa Clara, California*, No. C02–5981 JSW, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (dismissing complaint challenging original child support order on jurisdictional grounds because the implicated child support arrearages were "inextricably intertwined" with the state court's ruling).

### 3.  Failure to State a Claim

In addition, the allegations of the FAC are too vague and conclusory to state a plausible § 1983 claim.  The Complaint alleges only that the "Region 9 IV-D Agency" acted "under Defendant's direct supervision and directives as Director" and that she was "responsible for ensuring compliance" with federal prerequisites.  (Doc. 28 at 3-4.) However, a defendant's status as a supervisor is not sufficient to impose liability under § 1983.  *See Iqbal*, 556 U.S. at 676.  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  Plaintiff does not describe any specific individual actions. Furthermore, the FAC merely recites an assortment of constitutional amendments without connecting them to specific facts or articulating a coherent legal theory, and it relies on citations to authorities that bear no resemblance to the circumstances of this case. Because the Complaint lacks both factual content and a cognizable legal theory, dismissal under Rule 12(b)(6) is warranted.

. . . .

. . . .

**IV.    Dismissal with Prejudice**

Plaintiff has made two attempts at crafting a viable complaint and has been unable to do so.  Furthermore, given the nature of the defects in the FAC, it does not appear that Plaintiff could craft a viable complaint if given further opportunity to amend. Accordingly, the Court declines to grant further opportunities to amend and will dismiss this case with prejudice.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 32) and Notice (Doc. 34) are **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Amended Complaint (Doc. 29) is **granted**.  Plaintiff's First Amended Complaint (Doc. 28) is **dismissed with prejudice**.  The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

Dated this 22nd day of July, 2025.

Honorable Rosemary Márquez
United States District Judge

- 8 -