**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Andrew Cervantes, | No. CV-24-00501-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Heather Noble, | |
| Defendant. | |

Pending before the Court is Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment ("Rule 59(e) Motion") (Doc. 39). Two days after filing his Rule 59(e) Motion, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (Doc. 40.) For the following reasons, the Court concludes that it retains jurisdiction to resolve Plaintiff's Rule 59(e) Motion despite Plaintiff's Notice of Appeal. Furthermore, the Court will deny Plaintiff's Rule 59(e) Motion.

## I.    Background

Plaintiff initiated this action on October 10, 2024, by filing a Complaint and paying the associated fees. (Doc. 1.) The Complaint purported to sue "Heather Noble Through Region 9 IV-D Agency Defendant(s)" in her "official 45 C.F.R. 302.12" capacity and "capacity of Director of Region 9 IV-D agency."[1] (*Id.* at 1, 3.) Plaintiff asserted various claims under 42 U.S.C. § 1983. (Doc. 1.) The allegations in the Complaint appeared to

---

[1] After voluntarily appearing on November 12, 2024, Defendant averred that she is the Assistant Director of the Arizona Department of Economic Security Division of Child Support Services. (Doc. 9 at 2.)

arise from a Pima County Superior Court child support case in which Plaintiff was ordered to make monthly child support payments. (Doc. 9-1, 9-2.)

On October 21, 2024, Plaintiff filed a Declaration of Service upon Defendant Heather Noble, which stated that process had been served upon an employee of the Arizona Department of Economic Security. (Doc. 5.) On November 8, 2024, Plaintiff filed an Application for Entry of Default, contending that Defendant Noble had failed to respond to Plaintiff's Complaint within the time limits proscribed by Federal Rule of Civil Procedure 12. (Doc. 6.) On November 12, 2024, Defendant filed a Motion to Dismiss for Failure to State a Claim, in which she argued that the above-captioned case was barred by the *Rooker-Feldman* doctrine, and that Plaintiff relied on no cognizable legal theory. (Doc. 9.) On November 13, 2024, Defendant filed a Motion to Quash Plaintiff's Application for Entry of Default ("Motion to Quash"), in which Defendant argued that she was never properly served in this case, rendering Rule 12's deadline for answering inapplicable, and default judgment inappropriate. (Doc. 10.)

On April 11, 2025, the Court granted Defendant's Motion to Quash, granted Defendant's Motion to Dismiss, and gave Plaintiff thirty days in which to file a First Amended Complaint ("FAC") curing the identified deficiencies. (Doc. 22.) In granting Defendant's Motion to Quash, the Court explained that Plaintiff's Complaint was more appropriately construed as a personal rather than official capacity claim, and that the rules of personal service applicable to individuals would govern, rendering Plaintiff's service of process upon an employee of the Arizona Department of Economic Security ineffective. (*Id.* at 5.) The Court further explained that the Eleventh Amendment bars suits for damages sought against state officials in their official capacity for alleged deprivations of civil liberties. (*Id.* at 4.)

On May 12, 2025, Plaintiff filed his FAC. (Doc. 28.) Plaintiff's FAC brought suit against "Heather Noble in her official capacity as Director of Region 9 IV-D Agency." (Doc. 28 at 1.) Plaintiff again asserted various claims under 42 U.S.C. § 1983 relating to the Pima County Superior Court child support case in which he was ordered to make

monthly child support payments. (Doc. 28.) Defendant filed a Motion to Dismiss the FAC for Failure to State a Claim. (Doc. 29.) On July 22, 2025, the Court issued an Order granting Defendant's Motion to Dismiss the FAC with prejudice, and directing the Clerk to enter judgment in favor of Defendant and close this case. (Doc. 37.) The Court held that Plaintiff had improperly sought damages against a state official in her official capacity, that the *Rooker-Feldman* doctrine barred Plaintiff's claims, and that Plaintiff had failed to state a claim under Rule 12(b)(6). (*Id.*)

On August 18, 2025, Plaintiff timely filed his Rule 59(e) Motion. (Doc. 39.) Defendant filed no response to the Motion. On August 20, 2025, Plaintiff filed a Notice of Appeal to the Ninth Circuit Court of Appeals. (Doc. 40.)

## II. Jurisdiction

In general, once a notice of appeal is filed, a district court is divested of jurisdiction over the matters being appealed. *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, "if a party files a notice of appeal after the court . . . enters judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment . . . when the order disposing of the last such remaining motion is entered." F. R. App. P. 4(a)(4)(B). Among the motions listed in F. R. App. P. 4(a)(4)(A) is a motion to alter or amend the judgment under Fed. R. Civ. P. 59. Therefore, a party's notice of appeal does not become effective until after the district court resolves a pending Rule 59(e) motion. *Olic v. HDSP*, 2018 WL 11357184 at *1-2. (C.D. Cal. Apr. 20, 2018); *see also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063-64 (9th Cir. 2002) (holding that the Ninth Circuit was without jurisdiction to resolve an appeal where the district court had not yet ruled on a motion listed in F. R. App. P. 4(a)(4)(A)). In light of the foregoing, the Court shall resolve Plaintiff's Rule 59(e) Motion.

## III. Plaintiff's Rule 59(e) Motion

### a. Legal Standard

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy," available only in limited circumstances. *Rishor v. Ferguson*, 822 F.3d 482, 491-92 (9th

Cir. 2016). A motion to alter or amend a judgment may only be granted where: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law. *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016) (internal citations and quotation marks omitted). As such, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485–86 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)).

**b. Discussion**

Much of Plaintiff's Rule 59(e) Motion merely repeats arguments previously made,[2] and Plaintiff has not established the existence of any of the bases upon which a motion to alter or amend a judgment may be granted. Plaintiff first argues that the Court erred in granting Defendant's Motion to Quash because the Court accepted Defendant's objections regarding service of process, but service of process was not discussed in Defendant's first filing in this action—the November 12, 2024 Motion to Dismiss for Failure to State a Claim. (Doc. 39 at 2-3.) Plaintiff contends that since Defendant only raised service objections in the November 13, 2024 Motion to Quash, those objections were waived under Rule 12(h)(1), which requires that defenses such as insufficient process and insufficient service of process be raised in a party's first responsive filing. (*Id.*)

Plaintiff is correct that Rule 12(h)(1) requires a party to assert "any defense listed in Rule 12(b)(2)-(5)" in its first responsive filing, or else waive any such defense. Insufficient process and insufficient service of process are listed in Rule 12(b)(4) and (5), respectively. However, the defenses contemplated in Rule 12(b)(2)-(5) are "defense[s] to a *claim for relief in [a] pleading*." Fed. R. Civ. P 12(b). Here, Defendant did not assert

---

[2] Indeed, some of the arguments that Plaintiff proffers are ones that the Court has already rejected multiple times in the course of this litigation, and has cautioned Plaintiff against repeating. *See* Doc. 37 at 3 n.3 ("[T]he Court has previously denied Plaintiff's requests for default and will not reconsider that denial.").

1    insufficient process or insufficient service of process as a defense to a claim for relief in

2    Plaintiff's opening Complaint or the FAC. (*See* Docs. 9, 29.) In other words, Defendant

3    did not seek to evade or limit her liability for Plaintiff's claims by asserting that she had

4    been improperly served; instead, she merely responded to Plaintiff's request that default

5    judgment be entered against her. (*See* Doc. 10.) Since Defendant's arguments regarding

6    service of process were not asserted as a "defense to a claim for relief in any pleading,"

7    Fed. R. Civ. P. 12(b), she was not required to raise them in her first responsive filing.

8         Moreover, a court has no personal jurisdiction over a defendant that has not been

9    properly served, and without personal jurisdiction over a defendant, a default judgment

10   cannot be entered. *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir.

11   2007); *see also Graham v. Cable News Network Inc.*, No. 221CV07417MCSAGR, 2021

12   WL 6618667 (C.D. Cal. Oct. 24, 2021) (declining to enter default judgment against

13   improperly served defendant); *Valenzuela v. Torres*, No. CV 19-7559-CJC (KK), 2020 WL

14   6083438 (C.D. Cal. July 21, 2020) (same). On November 8, 2025, when Plaintiff filed his

15   Application for Entry of Default, Defendant had not yet voluntarily appeared in this action,

16   and she had not been properly served; therefore, no personal jurisdiction existed over her,

17   and this Court could not enter a default judgment.

18        Next, Plaintiff contends that in the Court's July 22, 2025 Order dismissing

19   Plaintiff's FAC, the Court improperly referenced certain state court filings by Plaintiff but

20   "provided no substance or consideration." (Doc. 39 at 3.) Plaintiff offers no reason why

21   the Court was required to discuss those filings in greater detail, and asserts in conclusory

22   fashion that the Court's decision "constitute[d] manifest error and prejudice." (*Id.*) Mere

23   disagreement with a decision of the Court, however, is not a basis upon which a Rule 59(e)

24   motion may be granted, *see Hiken*, 836 F.3d at 1042, and the Court concludes that these

25   contentions regarding Plaintiff's state court filings are without merit.

26        Finally, Plaintiff argues that the Court "erred in distinguishing between 'Assistant

27   Director' and 'Director'" when it granted Defendant's Motions to Dismiss. (Doc. 39 at 4.)

28   He further asserts that the above-captioned matter should be allowed to proceed because it

is "an official capacity suit under Ex Parte Young, targeting the office . . . not Noble personally." (*Id.* at 4.) However, in neither its Order dismissing Plaintiff's original Complaint nor its Order dismissing Plaintiff's FAC did the Court premise its holdings on a distinction between Defendant Noble's status as an Assistant Director as opposed to a Director. (Docs. 22, 37.) As the Court has twice explained,[3] an award by a federal court of § 1983 damages against a state, state agency, or state official sued in an official capacity is barred by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Furthermore, "Plaintiff's arguments regarding *Ex Parte Young* lack any legal support,"[4] because *Ex Parte Young* authorizes actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities. *Los Angeles Cnty. Bar Ass'n v. Eu*, 979 F.2d 697 (9th Cir. 1992) (citing *Ex Parte Young*, 209 U.S. 123 (1908)). Here, Plaintiff seeks damages, rendering *Ex Parte Young* inapposite. (Doc. 28 at 8.)

In sum, the Court concludes that Plaintiff has established no basis upon which a motion to alter or amend a judgment may be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment (Doc. 39) is **denied**.

Dated this 6th day of January, 2026.

_____
Honorable Rosemary Márquez
United States District Judge

---

[3] (Doc. 22 at 5, Doc. 37 at 5.)
[4] (Doc. 37 at 5.)